UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O'DEAN M. GRANT,<br><br>                Plaintiff,<br><br>        v.<br><br>UNITED STATES GOVERNMENT,<br><br>                Defendant. | Case No.: 1:14-cv-01618 - --- - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

Plaintiff O'Dean Grant initiated this action by filing a motion to proceed in forma pauperis and a complaint, asserting the United States Government is liable for violations of his civil rights arising under the First, Fourth, Sixth, and Fourteenth Amendments of the Constitution of the United States. For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. However, because Plaintiff fails to allege facts sufficient to support his claims for relief, his complaint is **DISMISSED** with leave to amend.

I.      **Motion to Proceed In Forma Pauperis**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28

U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999). The Court has reviewed the application and finds Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

## II.     Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted).

Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.* Leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.     Plaintiff's Allegations

Plaintiff asserts that the Government has attempted "to kill . . . degrade and destroy" him because of his faith. (Doc. 1 at 1.) Plaintiff alleges he has been subjected to "continual harassment, humiliation and persecution – by the FBI and their handlers and informants." (*Id.* at 2.) According to Plaintiff, his computer, phone, and car have been tapped; and his body has "been literally invaded by the government, which . . . implanted microchips (transmitters and/or receivers, and whatever else)" in his stomach while Plaintiff was imprisoned. (*Id.*) Plaintiff explains he had a colonoscopy, and asserts the Government "planted some device(s) into [his] stomach through [his] rectum" during the procedure. (*Id.*) Finally, Plaintiff asserts that he was "ripped . . . off for more than $60,000 in grant money" by an online university named "Capella: Minneapolis," which Plaintiff asserts "was set up by the FBI." (*Id.*)

Based upon these facts, Plaintiff asserts the Government is liable for violations of his civil rights arising under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States. (Doc. 1 at 1-2.)

## V.     Discussion and Analysis

As an initial matter, amendments to the Constitution do not create direct cause of action. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a

3

violation of a constitutional right does not have a direct cause of action under the United States Constitution"). However, claims for violations of rights protected by the amendments may be brought under 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Specifically, Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 U.S. Dist. LEXIS 53946, at *3 (E.D. Cal. Apr. 17, 2012). An entity or individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 U.S. Dist. LEXIS 52572, at *7 (E.D. Cal. Apr. 13, 2012).

### A. Violation of the First Amendment

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." *U.S. Const. amend. I*. In addition, "[t]he First Amendment forbids government officials from retaliating against individuals for speaking out." *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010).

From the few facts alleged, it is unclear whether Plaintiff asserts his rights to the free exercise of religion were impeded while he was incarcerated, or whether Plaintiff asserts he has been retaliated

4

against for speaking about his religion. Further, how "the FBI and their handlers and informants" caused Plaintiff to suffer "continual harassment, humiliation and persecution." Rather, Plaintiff offers only his conclusions. Without more, the Court is unable to determine that the individuals were acting under the color of law or how Plaintiff's First Amendment rights were violated. Consequently, Plaintiff's claim for a violation of the First Amendment is **DISMISSED**.

### B. Violation of the Fourth Amendment

The Fourth Amendment provides: "The right of the people to be secure in their persons. . . against unreasonable searches and seizures, shall not be violated..." *U.S. Constitution, amend. IV*. Plaintiff asserts his rights under the Fourth Amendment were violated by the Government placing a microchip in Plaintiff's body and tapping his computer, phone, and car. However, Plaintiff's claims that the Government implanted a device in him can best be described as frivolous. *See Alexander v. United States,* 2013 U.S. Dist. LEXIS 60127 at *12 (N.D. Cal. Apr. 26, 2013) (finding "allegations regarding the implanted tracking device and the ongoing conspiracy can only be described as fanciful, delusional, or wholly incredible," and dismissing the plaintiff's claim under the Fourth Amendment without leave to amend). To the extent Plaintiff asserts his computer, phone, and car have been tapped by the Government, he does not allege sufficient facts for the Court to determine the actions were taken unlawfully. Therefore, Plaintiff's claim for violations of the Fourth Amendment is **DISMISSED**.

### C. Violation of the Fifth Amendment

Plaintiff asserts his right to due process under the Fifth Amendment has been violated by the Government. (Doc. 1 at 2.) The due process clause of the Fifth Amendment protects individuals from deprivations of life, liberty, or property from the federal government without due process of law. *U.S. Constitution, amend. V*; *Betts v. Brady*, 316 U.S. 455, 462 (1942). The clause guarantees both procedural and substantive due process, protecting individuals against the deprivation of liberty or property interest by the government. A procedural due process claim "has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). A substantive due process claim requires a plaintiff to "show both a deprivation of liberty and conscience-shocking behavior by the government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).

Here, Plaintiff merely alleges that he has a right to due process and the "right[] to redress the government" when he feels the Government has violated his rights. (Doc. 1 at 2.) However, Plaintiff does not explain how his due process rights have been infringed upon by any Government official. Given the lack of factual support, Plaintiff's claim for a violation of his due process rights under the Fifth Amendment is **DISMISSED**.

### D. Violation of the Sixth Amendment

Plaintiff asserts the Government is liable for a violation of his Sixth Amendment rights. (Doc. 1 at 2.) Pursuant to the Sixth Amendment,

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

*U.S. Constitution, amend. VI.* However, Plaintiff does not allege any facts that to support his claim for a violation of the Sixth Amendment. As a result, this claim is **DISMISSED**.

### E. Violation of the Fourteenth Amendment

Like the Fifth Amendment, the Fourteenth Amendment protects individuals from the deprivation of liberty or property interests by the government. However, the Fourteenth Amendment protects only claims against the state government. Further, a due process claim is not triggered by a private actor, but only by actions of the state government. *See Jackson v. Metropolitan*, 419 U.S. 345, 349 (1974) ("private action is immune from the restrictions of the Fourteenth Amendment" and a private actor may only be held liable for a constitutional violation if there is a "sufficiently close nexus between the State and the challenged action of the [private actor] . . ."). Because Plaintiff names only the United States Government as a defendant and the facts alleged do not support a due process claim against the state, his claim for a violation of the Fourteenth Amendment is **DISMISSED**.

### VI. Federal Rule of Civil Procedure 18(a)

Under the Federal Rules of Civil Procedure, claims must be related, and be based on the same precipitating event, or a series of related events alleged against the same defendant. *See Fed.R.Civ.P.* 18(a). The Seventh Circuit explained, "[M]ultiple claims against a single party are fine, but Claim A

against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits. . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff attempts to state multiple unrelated claims. For example, Plaintiff's claims for violations of the First Amendment do not appear to be based upon the same precipitating event as his claims for violations of the Fourteenth Amendment. Accordingly, Plaintiff has not complied with Rule 18(a) of the Federal Rules of Civil Procedure.

### VII. Conclusion and Order

Here, there are few facts presented by Plaintiff to support his claims for relief. For example, there are no facts regarding *when* Plaintiff has been subjected to harassment, *how* Plaintiff has been harassed, or by whom. Rather, Plaintiff offers only his conclusions that his civil rights have been violated by the Government. Without additional facts, the Court cannot find Plaintiff's claims are sufficient to satisfy the notice requirements of Rule 8. Finally, Plaintiff is advised that the Court is entitled to disregard allegations that are facially implausible and, quite frankly, as currently pleaded, the Court finds Plaintiff's complaint to be implausible.

However, the Court will provide Plaintiff with **one opportunity** to file an amended complaint that sets forth facts sufficient to support his claims for relief. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment").

The amended complaint must reference the docket number of assigned to this case and must be labeled "First Amended Complaint." Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Thus, once Plaintiff files an amended complaint, Plaintiff's original complaint will not serve any function in the case. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F2d 811, 814 (9th Cir. 1981)); *accord*. *Forsyth*, 114 F.3d at 1474.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to proceed in forma pauperis is **GRANTED**;
2. Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**;
3. Within twenty-one days from the date of service of this order, Plaintiff **SHALL** file an amended complaint curing the deficiencies identified by the Court in this order; and
4. **If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **November 25, 2014**            **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE