1
2
3
4
5
6
7

8               **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11  O'DEAN M. GRANT,                    )   Case No.: 1:14-cv-01618 - --- - JLT
                                        )
12              Plaintiff,              )   ORDER TO PLAINTIFF TO SHOW CAUSE
                                        )   WHY THE ACTION SHOULD NOT BE
13      v.                              )   DISMISSED FOR FAILURE TO PROSECUTE
                                        )   AND FAILURE TO COMPLY WITH THE
14  U.S. GOVERNMENT,                    )   COURT'S ORDER, OR IN THE ALTERNATIVE
                                        )   TO FILE AN AMENDED COMPLAINT
15              Defendants.             )
                                        )
16                                      )
                                        )
17  _____     )

18          Plaintiff O'Dean Grant initiated this action by filing a complaint against the Government of the

19  United States on October 14, 2014.  (Doc. 1.)  The Court screened Plaintiff's complaint pursuant to 28

20  U.S.C. §1915(e)(2), and found Plaintiff failed to state facts sufficient to support his claims for relief.

21  (Doc 4.)  Therefore, the Court dismissed the complaint with leave to amend on November 25, 2014.

22  (*Id.*)  Plaintiff was directed to file an amended complaint within twenty-one days of the date of service,

23  or no later than December 16, 2014.  (*Id.* at 8.)

24          Plaintiff did not file an amended complaint, but rather filed a Notice of Appeal on December 5,

25  2014.  (Doc. 5.)  The Ninth Circuit found it lacked jurisdiction over the appeal, because the order

26  challenged by Plaintiff was not final or appealable.  (Doc. 8 at 1, citing, e.g., *WMX Techs., Inc. v.*

27  *Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (dismissal of complaint with leave to amend is not

28  appealable)).  Therefore, the Ninth Circuit dismissed Plaintiff's appeal.

To date, Plaintiff has not filed an amended complaint in compliance with the Court's prior order.  The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause in writing within 21 days why the action should not be dismissed for his failure comply with the Court's order or to file his first amended complaint.

IT IS SO ORDERED.

Dated:   __**January 21, 2015**__          _____**/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE