1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  O'DEAN M. GRANT,                          )  Case No.: 1:14-cv-01618 - --- - JLT
                                             )
12              Plaintiff,                    )  ORDER DIRECTING THE CLERK TO ASSIGN A
                                             )  UNITED STATES DISTRICT JUDGE TO THE
13         v.                                 )  ACTION
                                             )
14  U.S. GOVERNMENT,                          )
                                             )  FINDINGS AND RECOMMENDATIONS
15              Defendant.                     )  DISMISSING THE ACTION FOR PLAINTIFF'S
                                             )  FAILURE TO PROSECUTE AND FAILURE TO
16                                            )  OBEY THE COURT'S ORDER

17

18          Plaintiff O'Dean Grant initiated this action by filing a complaint against the Government of the

19  United States on October 14, 2014.  (Doc. 1.)  Because Plaintiff has failed to prosecute this action

20  following the Ninth Circuit's rejection of his appeal and failed to comply with the Court's order to file

21  an amended complaint, the Court recommends the action be **DISMISSED**.

22  **I.      Procedural History**

23          The Court screened Plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2), and found Plaintiff

24  failed to state facts sufficient to support his claims for relief.  (Doc 4.)  Therefore, the Court dismissed

25  the complaint with leave to amend on November 25, 2014.  (*Id.*)  Plaintiff was directed to file an

26  amended complaint within 21 days of the date of service, or no later than December 16, 2014.  (*Id.* at

27  8.)  Plaintiff did not file an amended complaint, but rather filed a Notice of Appeal on December 5,

28  2014.  (Doc. 5.)  The Ninth Circuit found it lacked jurisdiction over the appeal, because the order

1

1    challenged by Plaintiff was not final or appealable.  (Doc. 8 at 1, citing, e.g., *WMX Techs., Inc. v.*

2    *Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (dismissal of complaint with leave to amend is not

3    appealable)).  Therefore, the Ninth Circuit dismissed Plaintiff's appeal.

4            On January 21, 2015, the Court ordered Plaintiff to show cause why the action should not be

5    dismissed or, in the alternative, to file an amended complaint within 21 days of the date of service, or

6    no later than February 17, 2015.  (Doc. 9.)  To date, Plaintiff has failed to respond to the Court's order.

7    **II.       Failure to Prosecute and Obey the Court's Orders**

8            The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

9    party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

10   and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent

11   power to control their dockets," and in exercising that power, a court may impose sanctions including

12   dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir.

13   1986).  A court may dismiss an action based upon a party's failure to obey a court order, failure to

14   prosecute an action, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258,

15   1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of

16   complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

17   comply with a court order).

18   **III.      Discussion and Analysis**

19           To determine whether to dismiss an action for failure to prosecute, failure to obey a court

20   order, or failure to comply with the Local Rules, the Court must consider several factors, including:

21   "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

22   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases

23   on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see*

24   *also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

25           In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's

26   interest in managing the docket weigh in favor of dismissal.  *See Yourish v. California Amplifier*, 191

27   F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always

28   favors dismissal").  The risk of prejudice to the defendant also weighs in favor of dismissal, since a

2

1 | presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See*

2 | *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Similarly, the Court has an interest in

3 | managing its docket, given that the Eastern District of California is one of the busiest federal

4 | jurisdictions in the United States and its District Judges carry the heaviest caseloads in the nation.

5 | Because Plaintiff has failed to file an amended complaint, despite its necessity for the matter to

6 | proceed, the Court's interest in managing its docket weighs in favor of dismissal. *See Ferdik*, 963 F.2d

7 | at 1261 (recognizing that district courts have inherent interest in managing their dockets without being

8 | subject to noncompliant litigants).

9 |     In the Order to Show Cause, the Court warned that it "may dismiss an action with prejudice,

10 | based upon a party's failure to prosecute an action or failure to obey a court order . . ." (Doc. 9 at 2.)

11 | Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's

12 | orders, and his failure to prosecute the action.  The Court's warning to Plaintiff that his failure to

13 | comply with the order would result in dismissal satisfies the requirement that the Court consider less

14 | drastic measures.  *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Given these facts, the

15 | policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

16 | **IV.     Order**

17 |     Good cause appearing **IT IS HEREBY ORDERED** that the Clerk of Court is DIRECTED to

18 | assign a United States District Judge to this action.

19 | **V.     Findings and Recommendations**

20 |     Plaintiff has failed to comply with the Court's order to file an amended complaint, and has

21 | failed to prosecute this action since the Ninth Circuit dismissed his appeal.  Accordingly, **IT IS**

22 | **HEREBY RECOMMENDED**:

23 |     1.     The action be **DISMISSED** without prejudice; and

24 |     2.     The Clerk of Court be DIRECTED to close this action.

25 |     These findings and recommendations are submitted to the United States District Judge

26 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

27 | Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen

28 | days after being served with these findings and recommendations, Plaintiff may file written objections

3

1    with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

2    Recommendations."  Plaintiff is advised failure to file objections within the specified time may waive

3    the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991);

4    *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

5

6    IT IS SO ORDERED.

7        Dated:    **February 24, 2015**                    **/s/ Jennifer L. Thurston**

8                                                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28